UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15- 24786-KMW

ANGEL R. VELAZQUEZ
and other similarly-situated individuals,

                Plaintiff(s),

v.

MASDEU FIVE CORPORATION
d/b/a GENERAL PATROL SERVICES
and ANNETTE E. MASDEU VERGARA,

                Defendants.

_____/

**NOTICE OF PENDENCY OF OTHER ACTIONS**
**AND AGREED MOTION TO CONSOLIDATE**

Defendants MASDEU FIVE CORPORATION d/b/a GENERAL PATROL SERVICES and ANNETTE E. MASDEU VERGARA (collectively "General Patrol" or "Defendants"), by and through their undersigned counsel and pursuant to Local Rule 3.9 and Rule 42, Federal Rules of Civil Procedure, hereby notify this Court of the existence and pendency of two other similar  actions  (hereinafter "the Similar Actions")  and further move this Court for entry of an order consolidating same as (1) the defendant in the General Patrol case is a party to the Similar Actions and (2) all the same legal issues raised in this case are already before Judge Lenard in the first Similar Action.  In support thereof, General Patrol states:

**INTRODUCTION**

1.      The above-styled action, as well as the Similar Actions center around the same issue – employee payment under the "split-shift" categories at both Miami International Airport and Ft. Lauderdale International Airport and whether General Patrol's payment practices violate the Fir Labor

Standards Act (the "FLSA"), 29 U.S.C. Section 201 et seq.  The complaint in this case is, with respect to all three counts, is identical in legal arguments to the complaint filed in the  Similar Actions on the same day – December 31, 2015 by the same plaintiffs' attorney.[1]   The plaintiff in this case, Angel R. Velazquez ("Plaintiff") filed a complaint under 29 U.S.C. Sections 201 and 203 for alleged violations under the subject act (the "Act").   As the plaintiffs in the Similar Cases, this Plaintiff seeks to recover overtime compensation, damages, costs and reasonable attorney's fees allegedly owed under the Act.  *See* attached composite Exhibit "A".  The three plaintiffs in the Similar Cases essentially seek damages for alleged violations of the FLSA during the same relevant time period against General Patrol and the individual manager/owner.

## PROCEDURAL BACKGROUND

2.      In addition to the respective complaints and demands for jury  trial  filed  in December 2015,  the plaintiffs in all three cases have filed basically identical Statements of Claim – differing only in the alleged amounts of hours worked and not compensated.

3.      Clerks default were entered in al three cases on February 3, 2016.  Defendants have filed Amended Agreed Verified Motions to Set Aside Clerk's Default with accompanying Affidavit.  As of the date of this filing the clerk's defaults have not been set aside.

## DISCUSSION

4.      All three cases clearly involve the same legal issue. Moreover, the Defendants are identical. Because the subject matter as plead by the same plaintiffs' attorney and the parties in each action are identical, consideration of each action by different judges would entail unnecessary duplication of judicial labor.  Thus, pursuant to counsel's continuing duty to advise the Court of the existence of related actions, undersigned counsel respectfully provides notice of such relatedness under Local Rule 3.9.D and respectfully suggests that the subsequently filed actions (including the above-styled) should be transferred

---

[1] The difference between the respective complaints are merely in the number of hours and dates actually worked by the individual plaintiffs. See Composite Exhibit "A"

to Judge Lenard, to whom the earlier filed action is assigned. See Local Rule 3.9.C.

5.      Moreover, because both actions arise out of the same type of work (service ancillary to passenger travel at the airports) and involve common questions of fact and law, the actions should be consolidated. Fed.R.Civ.P. 42(a).

6.      Counsel for plaintiffs, Mr. Zandro Palma, has not objected to the consolidation.

## MEMORANDUM OF LAW

Consolidation is proper where actions involving a common question of law or fact are pending before the same court. Fed.R.Civ.P. 42(a).  Consolidation of such actions are within the broad discretion of the trial court.  *See, e.g., In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1013 (5th Cir.1977).[2]      In that case, Judge Godbold wrote: "The trial court's managerial power is especially strong and flexible in matters of consolidation."      *Id.* Moreover, Rule 42(a) is "permissive and vests a purely discretionary power in the district court."(quoting Whiteman v. Pitrie, 220 F.2d 914, 918 (5th Cir. 1973).
Here, there are clearly common questions of law and fact arising  out of  the defendants' liability to the plaintiffs in connection with their passenger-related services.  Because the instant actions involve similar transactions, are plead the same way, the subject matter raised in this case is in fact  identical to that raised in the other case, the common questions of law and fact will predominate. The witnesses and many documents in both cases will be the same. Consolidation should thus be ordered.

Also, consolidation should be ordered  to  prevent  inconsistent  results. *See, e.g., International Paving Systems, Inc. v. Van Tulco,* 806 F. supp. 17, 22 (S.D.N.Y. 1192) (primary objective of consolidation is to prevent separate actions producing conflicting results). Due to the relatedness of the actions and the overlap of plaintiff(s) there is a danger of conflicting results relating to the defendants' liability, if any, in these matters.  Cf. Van Tulco, 806 F. Supp. at 22 (order consolidating action by supplier

---

[2] Decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent.    Bonner v. City of Prichard, 661 F.2d 1206, 209 (11th Cir. 1981) (en bane).

against general contractor with action by subcontractor's trustee against same defendant for same project work to prevent inconsistent verdicts).

Consolidation here will provide expeditious and consistent resolution of the above-styled actions, will conserve judicial resources and will avoid duplication of efforts by counsel and the Court. Both cases are in pretrial proceedings, so consolidation is timely.

*Counsel for the moving party certifies that she has conferred with all parties or who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and they have agreed to the relief sought herein.*

WHEREFORE, General Patrol respectfully requests the entry of an order consolidating the above actions and transferring this case to Judge Lenard' division.

Respectfully submitted this 17th day of February, 2016.

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
*Counsel for Defendants*
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
Telephone: 305-854-0800
Facsimile:  305-854-2323

By: */s/ Aleida Martinez Molina*
   ALEIDA MARTINEZ MOLINA
   Florida Bar No.  869376
   Primary e-mail: amartinez@wsh-law.com
   Secondary email: jfuentes@wsh-law.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: *   /s/ Aleida Martinez Molina*
ALEIDA MARTINEZ MOLINA

## SERVICE LIST

Zandro E. Palma, Esq.
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
zep@thepalmalawgroup.com
*Attorney for Plaintiff*

Aleida Martinez Molina, Esq.
WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
2525 Ponce de Leon Boulevard
Suite 700
Telephone: (305) 854-0800
amartinez@wsh-law.com
*Attorney for Defendants*